UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| L2T MEDIA, LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ROCKET MEDIA, LLC d/b/a LAUNCH LABS, a North Carolina limited liability company, <br><br> Defendant. | ) ) ) ) ) ) Case No.: ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, L2T Media, LLC ("**L2T**"), by its undersigned attorneys, hereby makes the following Complaint for Declaratory Judgment against Defendant, Rocket Media, LLC d/b/a Launch Labs ("**Launch Labs**").

**PREFATORY STATEMENT**

1. L2T and Launch Labs have had at least a contractual relationship since August 6, 2021, when they entered into a written agreement referred to as the "SaaS agreement" ("**Agreement**"). The essence of the Agreement is for L2T to utilize Launch Labs' "SaaS Services," which includes Launch Labs' "web-based, on-line, hosted software," referred to as its "Ignite platform" (the "**Work**"). Among other things, Launch Labs on August 3, 2024, issued a cease-and-desist letter ("**Letter**") to L2T accusing L2T of "reverse-engineering" the Work, creating a "derivative work" thereof, and "using a material identical platform." Launch Labs demanded that L2T "immediately cease the marketing, sale, licensing, or other use of the reverse engineered"

1

Work. If not, Launch Labs advised L2T it "is required to preserve all documents, in any form possibly discoverable under Rule 34," it was "preparing for legal action," and absent L2T's "immediate compliance" with the Letter's demands, would initiate "litigation." L2T seeks a declaratory judgment that, at a minimum, it has not infringed on the Work.

## PARTIES

2. Plaintiff, L2T Media, LLC, is an Illinois limited liability company with its principal place of business located in Evanston, Illinois. L2T is a digital marketing company, who furnishes its digital marketing platform with automated technology to its clients, particularly in the automotive industry. L2T's members are citizens of Illinois.

3. Defendant, Rocket Media, LLC d/b/a Launch Labs, is a North Carolina limited liability company with its principal place of business in Chapel Hill, North Carolina. Launch Labs' sole member is a citizen of North Carolina.

## JURISDICTION AND VENUE

4. The Work, and its alleged copying, reverse engineering, creation of a derivative work, and reproduction thereof, are all matters arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*, over which this Court has exclusive jurisdiction under 28 U.S.C. § 1338. The Court further has jurisdiction over this matter as an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. To the extent necessary, jurisdiction is also proper in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the jurisdictional amount (based on at least the value of L2T's platform), arising out of the making and performance of a contract substantially connected to Illinois.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions that Launch Labs asserts in the Letter and the

making of the Agreement occurred in this district.

## **FACTS**

6. L2T is a digital marketing company that provides digital marketing services/products, including through its automated, marketing web-based platforms to customers. Pursuant to the Agreement, L2T contracted with Launch Labs to utilize Launch Labs' web-based, online software to better service L2T's "End Users" (as defined in the Agreement). A copy of the Agreement is attached hereto as **Exhibit 1**.

7. By the Letter, and on August 3, 2024, as noted, Launch Labs accused L2T of accessing its Work, and by reverse engineering, and otherwise, creating a derivative work thereof, such that Launch Labs demanded that L2T immediately cease the marketing, sale, licensing, or other use of the claimed derivative Work. A copy of the Letter is attached as **Exhibit 2**.

8. In the Letter, Launch Labs claims that the Work is its property, and that the use of a derivate work and other undertakings, like the "marketing, sale, licensing, or other use" violates the exclusive rights that exist in an owner of a copyrighted web-based, on-line, hosted software computer program like the Work. After making its preservation demand pursuant to the Federal Rules of Civil Procedure, Launch Labs threatened to initiate litigation should L2T fail to concede its cease and desist demands. *See generally*, **Ex. 2**.

## **COUNT I – DECLARATORY JUDGMENT**

9. L2T realleges and incorporates by reference the allegations of Paragraph 1 through 8 as though fully set forth herein.

10. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

11. Based on the allegations above, there is an actual and substantial controversy

3

between L2T and Launch Labs, who have adverse legal interests. Launch Labs has made clear to L2T of its belief that L2T is improperly using an alleged reversed engineered platform to service L2T's clients. Launch Labs has denied any wrongdoing.

12. The dispute between L2T and Launch Labs is substantial, definite, concrete, immediate, and not hypothetical.

13. L2T denies that its creation of its own platform to service its clients violates any federal rights that Launch Labs might have in its Work. The Work is not sufficiently unique and does not have protectible, identifiable, features such that the Work is capable of securing copyright status, but, even if so, L2T has not infringed the Work. What Launch Labs has asserted, the creation and use of a digital marketing platform by L2T, is not in violation of any rights that Launch Labs might have under the Copyright Act, 17 U.S.C. § 101, *et seq*.

14. L2T's platform is not a modification or derivate creation of Launch Labs' platform as it was created and developed independently, by a third-party software firm, without access to the Work, and was built upon L2T's existing products and offerings that were in development prior to the Agreement.

15. Launch Labs' assertions that L2T is violating Launch Labs' legal rights and its threats to file a lawsuit irreparably injure L2T and adversely affect its business. Launch Labs' assertions will continue to adversely affect L2T's business until they are determined by this Court to lack merit and, at a minimum, a declaratory judgement of non-infringement.

16. To resolve the legal and factual questions raised by Launch Labs and to afford relief from the uncertainty and controversy that Launch Labs' assertions have precipitated, L2T is entitled to a declaratory judgment of its rights, including that it has not infringed on any claimed copyrights owned by Launch Labs.

WHEREFORE, L2T Media, LLC, respectfully requests:

a. A declaration that L2T has not infringed on any claimed copyrights owned by Launch Labs;

b. That L2T be awarded its attorneys' fees and costs as provided by the Copyright Act or any other applicable authority; and

c. Such other and further relief as this Court deems just and proper.

L2T Media, LLC, Plaintiff

By: /s/ *Frederic A. Mendelsohn*
One of Plaintiff's Attorneys

**PLAINTIFF'S COUNSEL:**
Frederic A. Mendelsohn (fmendelsohn@burkelaw.com)
Marissa N. Pinto (mpinto@burkelaw.com)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, Illinois 60611
Tel: (312) 840-7000
Fax: (312) 840-7900